**U.S. Department of Justice**

United States ~~Attorney~~
Southern Distr~~ict of New York~~

86 Chambers Street
New York, New York

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/18
```

June 12, 2018

Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: *United States of America v. Mehernosh M. Motashaw*, No. 18 Misc. 212 (PAE)

Dear Judge Engelmayer:

    This Office represents the United States of America in the above-referenced action seeking to enforce an Internal Revenue Service ("IRS") summons issued to respondent Mehernosh M. Motashaw, the tax preparer and accountant for taxpayers Sarah E. Glaister and John K. Glaister, who are the respondents in a related summons enforcement action pending under the caption *United States v. Glaister*, No. 18 Misc. 213 (PAE).

    On May 22, 2018, the Court issued an order directing Motashaw to show cause why he should not be compelled to comply with the summons. Dkt. No. 1. The order notified Motashaw in bolded, capital letters, that it constitutes "**A COURT ORDER WHICH REQUIRES [MOTASHAW] TO APPEAR IN PERSON**" before the Court on June 18, 2018, at 3:30 p.m. *Id.*

    The order required Motashaw, as well as any intervening parties, to file any written response within 14 days of service of the Petition upon him. *Id.* Further, the order stated, "Only those issues raised by motion or brought into controversy by the response hereto, if any, including any required supporting affidavits, will be considered on the return date of this Order, and any uncontested allegation in the Petition will be considered admitted." *Id.*

    The United States served the Petition and accompanying documents on Motashaw on May 24, 2018. Dkt. No. 8. The time for Motashaw and any intervening parties to respond elapsed as of June 7, 2018, but no response was filed. On June 12, 2018—several days after the deadline—Motashaw sent a facsimile dated June 11, 2018, to Revenue Agent Juskowiak, in which he states that "it is not possible for [him] to attend the hearing on 18 June 2018," and further asserts that his "presence in the USA for the entire summer will be minimal and not predictable." *See* Exhibit A, attached hereto. He "suggest[s]" to Agent Juskowiak that she "contact [him] towards the end of August 2018 so that this matter may be rescheduled." *Id.* The fax's header states that it was sent from the fax number listed on Motashaw's website for his Manhattan office, (212) 218-4538.

Case 1:18-mc-00212-PAE Document 10 Filed 06/14/18 Page 2 of 3
Case 1:18-mc-00212-PAE Document 9 Filed 06/12/18 Page 2 of 3

Page 2

Motashaw's facsimile response is plainly inadequate. This Court's order directed Motashaw to respond within 14 days of service, and to file his written response, affidavit(s), and any motions "with the Clerk of the Court," and to "serve copies upon counsel for the United States." Dkt. No. 1. Motashaw failed to comply with the Court's order: he filed no response or motion within the time directed by the Court. His belated facsimile to the IRS does not provide any reason that he was unable to file a response by the deadline, and he makes no argument that the Petition should not be enforced against him. Furthermore, he fails to make the required showing of "excusable neglect" in seeking to extend the deadline after its expiration. *See* Fed. R. Civ. P. 6(b)(1); *see also In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (generally no excusable neglect for a party's "failure to follow the clear dictates of a court rule").

Motashaw's request to delay the hearing in this matter until late August 2018—if the Court considers it at all—should be denied. Motashaw did not file any request for relief regarding the hearing with the Court, as required by this Court's order. *See* Dkt. No. 1. Moreover, his request would unjustifiably delay the IRS's investigation. Indeed, Motashaw's response here mirrors his initial response to the summons, in which he said that he would be out of the country for several months from December 2017 to early February 2018, but then failed to contact the IRS in any of the intervening months to reschedule his appearance. *See* Juskowiak Decl. ¶¶ 16-17 & Ex. C.

Additionally, Motashaw has presented no excuse for his continued failure to produce documents in response to the summons, which were due to the IRS in December 2017. *See* Juskowiak Decl. ¶¶ 16-17. Despite the passage of approximately six months since the deadline, Motashaw has still produced no documents, nor produced a privilege log in an effort to substantiate any privilege claim on a document-by-document basis. *See id.*

In light of Motashaw's failure to provide any substantive response to the Petition, *see* Exhibit A, the allegations of the Petition should be deemed admitted by Motashaw. *See* Dkt. No. 1 ("any uncontested allegation in the Petition will be considered admitted"). Moreover, for the reasons set out in the United States' brief, Dkt. No. 5, the Government respectfully requests that the Court issue an order compelling Motashaw to comply fully with the summons, by (1) producing all documents requested in the summons to the IRS within 14 days of the Court's order, except those specifically excluded in the Petition; and (2) appearing for testimony before the IRS, at a date and time to be determined by the United States.

Finally, the Government respectfully requests that the Court overrule any claim of privilege by Motashaw. As an initial matter, Motashaw did not assert any claim of privilege in response to the Petition—rather, he failed to respond at all by the deadline. His belated facsimile response neither asserts nor justifies any claim of privilege. *See* Exhibit A. Thus, Motashaw necessarily failed to meet his burden of establishing that any privilege applies.[1] *See Valero*

---

[1] The principal privilege raised by Motashaw in administrative proceedings was the tax practitioner privilege under 26 U.S.C. § 7525 with respect to tax advice Motashaw allegedly provided to the Glaisters. *See* Juskowiak Decl. ¶ 16 & Ex. C. Notably, the Glaisters—in their response to the related summons enforcement petition against them—did not raise the

Case 1:18-mc-00212-PAE   Document 10   Filed 06/14/18   Page 3 of 3
Case 1:18-mc-00212-PAE   Document 9   Filed 06/12/18   Page 3 of 3

Page 3

*Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009) (party invoking the tax practitioner privilege under 26 U.S.C. § 7525 "must carry the burden of showing that it applies"); *Estate of Fisher v. Comm'r*, 905 F.2d 645, 648-49 (2d Cir. 1990) (party invoking the Fifth Amendment privilege bears "the burden of establishing its existence" where "the danger is not readily apparent from the implications of the question asked or the circumstances surrounding the inquiry"). Even if the Court considers the objections that Motashaw asserted before the commencement of this litigation, his objections should be overruled on the merits for the reasons set forth in the United States' brief, Dkt. No. 5 at 10-16.

The Government will be prepared to respond to any questions the Court may have at the hearing on June 18, 2018.

Thank you for your consideration of this matter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

cc: Respondent Mehernosh M. Motashaw
Via facsimile: (212) 218-4538

---

Mr. Motashaw has been ordered to appear at the show cause hearing on June 18, 2018. This hearing is not optional. For avoidance of doubt, his failure to appear may result in consequences up to and including a finding of civil contempt. The Court also views it likely that, absent an appearance by Motashaw, it will enter an order compelling him to comply with the I.R.S. summons. The Government is directed to serve this Order on Motashaw by tomorrow, June 15, 2018.

SO ORDERED  *Paul A. Engelmayer*   6/14/2018

PAUL A. ENGELMAYER
United States District Judge

---

applicability of the § 7525 privilege as to any communications with Motashaw. *See* Brief for Respondents, Dkt. No. 14, *United States v. Glaister*, No. 18 Misc. 213 (PAE).